UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80013-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

           Plaintiff,

v.

JOAQUIN MENDEZ,

           Defendant.
_____/

FILED by ___ D.C.
JUN 2 0 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER MODIFYING CONDITIONS OF RELEASE

**THIS CAUSE** came before the Court upon the United States' Motion for Revocation of Release Pursuant to 18 U.S.C. § 3148(b) [DE 236]. On December 21, 2016, the Court ordered Defendant released upon a $100,000 ten percent bond. *See* DE 24. The conditions of Defendant's release included, *inter alia*, that he not commit any act in violation of state or federal laws and that he not use his Medicare number to provide any services. *Id.*

The Government's Motion alleges that Defendant used his Medicare number to provide services to patients after his conditions of release were imposed and that Defendant committed violations of Federal law because he made fraudulent Medicare claims to the Center for Medicaid and Medicare Services. [DE 236].

On June 25, 2017, the Court held a hearing to determine whether or not to revoke Defendant's pretrial release pursuant to 18 U.S.C. § 3148. At the hearing, the Government notified the Court that it was **WITHDRAWING** its Motion for Revocation of Release [DE 236].

1

Instead, the Government and defense counsel jointly recommended additional conditions of Defendant's release that would ensure that Defendant not flee or pose a danger to the safety of any other person or the community. The Court carefully reviewed the additional release conditions and discussed them with Defendant. Defendant stated that he understood and would follow all of his conditions of release, including the new conditions. The Court also advised Defendant that if he has any questions as to what acts he can or cannot do while on pretrial release, especially as to those acts which relate to his medical practice, that he should first speak to his attorney and his pretrial services officer and determine the legality and propriety of the questioned act in advance.

In light of the parties' agreement and after reviewing the record, and in the interests of justice, it is hereby **ORDERED** that Defendant's bond shall not be revoked; however, the following additional special bond conditions shall be imposed upon Defendant:

1. Defendant and his physician extenders (including medical assistants, physician's assistants, advanced registered nurse practitioners, etc.) shall not see, treat, refer, or prescribe medications to any patients who have Medicare coverage under Medicare Parts A, B, C, and/or D, or submit, or cause the submission, of any claims to Medicare, directly or through any Medicare Part C HMO;

2. Before Defendant sees, treats, refers, or prescribes medications to any private insurance or private HMO patient, Defendant shall provide to the U.S. Attorney's Office and the Pretrial Service Office a list of all proposed insurers and HMOs for review; and

3. Defendant's practice shall be restricted to seeing patients at Lakeside Medical Center, 600 N. Hiatus Road, Pembroke Pines, FL 33026. If Defendant needs to see a patient at another location, he must seek pre-approval from Pretrial Services.

At the hearing, Robert Weatherford testified that he was a healthcare consultant who would be putting together a report of all the private insurance and private HMO patients that Dr. Mendez treats, in relation to the additional condition #2 listed above. Mr. Weatherford stated that he would go to Defendant's practice at Lakeside Medical Center and gather a list of Defendant's patients and their private insurance companies, including PPOs and HMOs, and then construct a comprehensive list and provide that list to the U.S. Attorney's Office and Pretrial Services Office. A copy shall also be provided to defense counsel. Mr. Weatherford will submit this report to the Government, Pretrial Services and defense counsel on or before **Friday, June 23, 2017**. Defendant shall be permitted to see, treat, and refer private insurance and private HMO patients until the report is submitted.

If Defendant wishes to see patients at any other facility besides Lakeside Medical Center, listed in the additional condition #3 listed above, he shall first notify the U.S. Attorney's Office and Pretrial Services Office and wait for their approval before seeing those patients at other facilities.

Further, pursuant to Defendant's Medicare HMO contract, he needs thirty days to opt-out of the contract. However, Defendant shall take steps to opt-out of the contract earlier than the requisite thirty-day period if he is able to do so without breaching the contract.

All other terms and conditions of the Defendant's bond are to remain unchanged. Defendant is directed to strictly comply with all bond and release conditions.

4

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of June, 2017.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge